UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CRAIG MORGAN, )
 )
 Plaintiff, )
 )
 vs. ) Case No. 4:04CV79 JCH
 )
CURTIS FRANCOIS and )
DENT WIZARD INTERNATIONAL )
CORPORATION, )
 )
 Defendants. )

## MEMORANDUM AND ORDER

These matters are before the Court on Defendant Curtis Francois' ("Francois") Renewed Motion for Summary Judgment (Doc. No. 99), filed August 10, 2006 and Defendant Dent Wizard International Corporation's ("Dent Wizard") Renewed Motion for Summary Judgment (Doc. No. 102), filed August 14, 2006. These matters are fully briefed and ready for disposition.

## BACKGROUND

From 1998 to 2001, Craig Morgan ("Morgan") was a paintless dent repair technician that worked for Gandalf, Ltd., a Dent Wizard franchise owned by Francois and his partner Paul Thomas. In 2001, Gandalf was sold back to Dent Wizard. Plaintiff has worked for Dent Wizard since that time. While working for these two entities, Plaintiff was a resident of Mississippi and did dent repair work in both Mississippi and Louisiana.

The gravamen of Plaintiff's complaint, filed April 11, 2003, is that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay him overtime. Defendants argue that they are

exempt from the FLSA. This Court previously granted summary judgment in favor of the Defendants. (Doc. No. 80). The Eighth Circuit, however, reversed that ruling because this Court improperly refused to consider a supplemental affidavit by the Plaintiff. Morgan v. Francois, 170 Fed. Appx. 978 (8th Cir. 2006).

These motions deal with two issues:[1] (1) who owns the dent repair tools used by Morgan and; (2) did Francois willfully ignore the FLSA requirements. Plaintiff has offered the following evidence to support his claim that he owns the tools. In an affidavit, Plaintiff averred that the Defendants "provided" him with tools. (Memo. in Support of Mot. for Sum. J., Doc. No. 100 Morgan Aff. ¶ 3). In a later affidavit, however, Plaintiff explained his earlier statement[2] and stated that "some of [my tools] were given to me by Defendants when I first began my employment with them. I was solely responsible for all of my PDR tools" and "When Defendants sold their franchise ... I kept my PDR tools and continued to use them." (Reply to Mot. Sum. J., Doc. No. 60 Morgan Supplemental Aff. ¶ 5-6).

Each Defendant has offered evidence to contradict the Plaintiff's assertion. Francois has offered an affidavit stating that the tools were the Defendant's property and were leased to Plaintiff. (Statement of Material Facts, Doc. No. 101 Francois Aff. ¶ 4). Additionally, Francois argues that statements made by the Plaintiff in a deposition show he did not own the tools. (Memo. in Support of Def.'s Renewed Mot. for Sum. J., Doc. No. 100). Dent Wizard has submitted an affidavit stating

---

[1]This Order does not contain an extensive background because its previous order (Doc. No. 80) and the Eighth Circuit's opinion, Morgan v. Francois, 170 Fed. Appx. 978 (8th Cir. 2006), adequately provide any additional details needed.

[2]The Eighth Circuit has interpreted the two statements as consistent and that the supplemental affidavit merely explains the first affidavit. Morgan, 170 Fed. Appx. at 980-81.

2

that Plaintiff knew he did not own the tools (Statement of Material Facts, Doc. No. 103 Koebbe Aff.) and two affidavits stating that Dent Wizard retained ownership over all of the tools its employees used. (Reply, Doc. No. 115 Minor Aff., Griffith Aff.). Dent Wizard has also submitted copies of tool receipt forms from 1995 and 1997, signed by Morgan, that state the tools are property of Dent Wizard. (Id. at Ex. 2-3).

Regarding Francois' willful violation of the FLSA standards, Plaintiff offers the following evidence. First, Plaintiff claims that Paul Thomas' statement that he knew, in general, hourly employees were entitled to overtime, shows that Defendant should have known that the FLSA applied to Plaintiff. (Pl.'s Statement of Material Facts, Doc. No. 113 ¶ 9). Second, Plaintiff claims Francois never kept records of the amount of time Plaintiff worked. (Id. at ¶ 19).[3] Furthermore, Plaintiff claims Francois never made Plaintiff aware of the FLSA requirements and never gave him a copy of the company handbook stating that all employees were exempt from the FLSA. (Id. at ¶ 10-14). Francois counters that Gandalf did not pay overtime to its employees because an attorney had advised Gandalf that it was exempt from the FLSA, and it was following the policy of its franchiser. (Memo. in Support of Def.'s Renewed Mot. for Sum. J., Doc. No. 100).

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive

---

[3]In Plaintiff's Statement of Material Facts, the paragraph numbers restart after the ninth paragraph. For purposes of clarity, the Court will ignore this discrepancy and treat the paragraphs as consecutively numbered.

3

law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Id. at 255. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Id. at 249.

## DISCUSSION

*A. Ownership of the Tools.*

Defendants argue that Plaintiff does not fall under the FLSA because he was transporting their tools in interstate commerce. Plaintiff counters that he owned the tools.

The FLSA overtime requirements do not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provision of section 31502 of Title 49." 29 U.S.C. § 213(b)(1). The Motor Carrier Act allows the Secretary of Transportation to set the "qualifications and maximum hours of service

4

of ... a motor private carrier, when needed to promote safety of operation." 49 U.S.C. § 31502(b)(2). The term "motor private carrier" is defined as "a person other than a motor carrier, transporting property by motor vehicle when – (A) [the transportation is interstate travel]; (B) the person is the owner, lessee, or bailee of the property being transported; and (C) the property is being transported for the sale, lease, rent, or bailment, or to further a commercial enterprise." 49 U.S.C. § 13102 (13). Failure to meet any one of these elements means the exemption does not apply.

The Eighth Circuit's opinion in this case is particularly instructive because it strongly implies that summary judgment on this issue is not proper. The Eighth Circuit specifically instructed this Court that it must consider the Plaintiff's supplemental affidavit and that, when read in the light most favorable to the Plaintiff, this supplemental affidavit explains earlier statements by the Plaintiff. Morgan v. Francois, 170 Fed. Appx. 978, 980 (8th Cir. 2006). Additionally, the Eighth Circuit also found that the deposition statements, upon which Defendants rely, are also ambiguous and do not address the "controlling issue [of] whether ownership passed to Morgan or remained with his employers at that time." Id. at 982. Given the Eighth Circuit's interpretation of Morgan's affidavits and deposition testimony, the Plaintiff has put forward sufficient evidence to create a genuine issue of material fact about the ownership of the tools. Additionally, the Eighth Circuit opinion clearly implies that this issue should be resolved by a jury and the Court finds no reason to depart from this implication based on the additional evidence presented by the Defendants. The Court must deny Defendant's motions for summary judgment on this issue.

### B. Willful Violation of the FLSA

Francois argues that Plaintiffs cannot prove that a wilful violation of the FLSA occurred; therefore, part of Plaintiff's claims towards him are time barred. Plaintiff counters that it has presented

5

sufficient evidence of a wilful violation of the FLSA.

The FLSA has a two year statute of limitations for all actions to collect unpaid overtime; however, wilful violations of the FLSA have a three year statute of limitations. 29 U.S.C. § 255(a). In order for a violation to be wilful, a plaintiff must show that the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA." McLaughlin v. Richard Shoe Co., 486 U.S. 128, 130 (1988); accord Trans World Airlines, Inc. v. Thurston, 469 U.S. 111 (1985); Simpson v. Merchs. & Planters Bank, 441 F.3d 572, 580 (8th Cir. 2006). The Supreme Court has previously held that seeking legal advice is good evidence of a violation not being wilful. Trans World Airlines, Inc., 469 U.S. at 130. The Sixth Circuit has held that the failure to maintain proper business records can be used as evidence of a wilful violation of the FLSA. Elwell v. Univ. Hosp. Home Care Servs., 276 F.3d 832, 844 (6th Cir. 2002).

Plaintiff has come forward with enough evidence to create a genuine issue of material fact. Most notably, Plaintiff has presented evidence, when read in the light most favorable to him, indicating that Francois' business partner knew that employees working for an hourly wage should generally be paid overtime. Both Missouri and Ohio follow the rule that the knowledge of one partner is imputed to another so long as the partner was acting in the scope of the partnership. Buder v. Denver Nat'l Bank, 151 F.2d 520, 526 (8th Cir. 1945) (applying Missouri law); see also Uniform Partnership Act of 1914 § 12 (stating this rule) (adopted by Missouri and Ohio). In an affidavit, the Plaintiff stated that Francois never kept accurate records, which can be used as evidence of a wilful violation. Defendant has come forward with conflicting evidence; most notably that it relied on the advice of an attorney when deciding whether or not the FLSA applied. Given the conflicting evidence, it is for a jury to decide which evidence it finds more credible. Because Defendant has not shown that

6

the two year statute of limitations must apply, Francois' motion for summary judgment must be denied.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Francois' Renewed Motion for Summary Judgment (Doc. No. 98) is **DENIED**.

**IT IS HEREBY ORDERED** that Defendant Dent Wizard International Corporation's Renewed Motion for Summary Judgment (Doc. No. 102) is **DENIED**.

Dated this 19th day of October, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE